# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# SOUTHERN DIVISION
# AT LONDON

| | |
|---|---|
| CHERYL LYNN KLATT,<br><br>    Plaintiff,<br><br>V.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>    Defendant. | CIVIL ACTION NO. 6:15-cv-00150-KKC<br><br><br>**OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court for consideration of cross-motions for summary judgment. [DE 12; 13.] The Plaintiff, Cheryl Lynn Klatt, brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial relief from an administrative decision of the Commissioner of Social Security denying her claim for Supplemental Security Income ( "SSI"). The Court, having reviewed the record, will affirm the Commissioner's decision, as it is supported by substantial evidence and was decided by the proper legal standards.

## I. OVERVIEW OF THE PROCESS

In determining whether a claimant has a compensable disability under the Social Security Act, the regulations provide a five-step sequential process which the administrative law judge ("ALJ") must follow. 20 C.F.R. § 404.1520(a)(4); *see also Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 652 (6th Cir. 2009) (describing the administrative process). The five steps, in summary, are as follows:

> 1) If the claimant is doing substantial gainful activity, the claimant is not disabled.
>
> 2) If the claimant does not have a severe medically determinable physical or mental impairment—i.e., an impairment that significantly limits his or her

physical or mental ability to do basic work activities—the claimant is not disabled.

3) If the claimant has a severe impairment(s) that meets or equals one of the listings in Appendix 1 to Subpart P of the regulations and meets the duration requirement, the claimant is disabled.

4) If the claimant's impairment does not prevent him or her from doing his or her past relevant work, the claimant is not disabled.

5) If the claimant can make an adjustment to other work, the claimant is not disabled. If the claimant cannot make an adjustment to other work, the claimant is disabled.

*Rabbers*, 582 F.3d at 652 (citing 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 404.1520(b)–(g)).

The claimant bears the burden of proof through the first four steps of the analysis; but if the ALJ reaches the fifth step without finding the claimant disabled, then the burden shifts to the Commissioner. *Longworth v. Comm'r Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005). The Commissioner satisfies the burden of proof at the fifth step by finding that the claimant is qualified for—and capable of performing—jobs that are available in the national economy and may rely upon the testimony of a vocational expert ("VE") regarding the range of potential jobs. *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423, 425 (6th Cir. 2008).

## II. PROCEDURAL BACKGROUND AND THE ADMINISTRATIVE DECISION

Cheryl Lynn Klatt ("Claimant") filed her claim for SSI on June 4, 2012. [TR 285-91.] The agency denied her application initially and upon reconsideration. [TR 203-22.] Claimant requested review by an ALJ, and a hearing was held on February 12, 2014. [TR 185-202.] The ALJ subsequently issued an unfavorable decision on March 6, 2014. [TR 173-80.]

Claimant was 45 years old as of the date of the ALJ's decision. [TR 188.] She completed 10th grade and never received a GED. [TR 188-89.] Claimant stated that she has no prior

work experience. [TR 189.] She alleges disability due to kidney issues, headaches, muscle pain, depression, anxiety, and several other medical conditions. [TR 190-200.]

First, the ALJ determined that Claimant has not engaged in substantial gainful activity since June 4, 2012, the date of her application [TR 175.] At the second step of the sequential process, the ALJ found that Claimant does not have an impairment or combination of impairments that has significantly limited or is expected to significantly limit her ability to perform basic work-related activities. [TR 175-180.] Therefore, the ALJ concluded that Claimant does not have a severe impairment or combination of impairments and ultimately found that she is not disabled. [TR 175; 180]

The ALJ's decision that Claimant is not disabled became the final decision of the Commissioner when the Appeals Commission subsequently denied Claimant's request for review on June 22, 2015. [TR 1-4.] Claimant has exhausted her administrative remedies and filed a timely action in this Court. This case is now ripe for review under 42 U.S.C. § 405(g).

### III. GENERAL STANDARD OF REVIEW

The decision of the Commissioner must be affirmed unless the ALJ applied the incorrect legal standards or the ALJ's findings are not supported by substantial evidence. *Lindsley v. Comm. of Soc. Sec.*, 560 F.3d 601, 604 (6th Cir. 2009). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). In reviewing the decision of the Commissioner, courts should not conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *See Lindsley*, 560 F.3d at 604–05. Courts must look at the record as a whole, and "[t]he court 'may not focus and base [its] decision entirely on a single piece of evidence, and disregard other pertinent evidence.'" *Sias v. Sec.*

*of H.H.S.*, 861 F.2d 475, 479 n.1 (6th Cir. 1988) (alteration in original) (quoting *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978)). Rather, courts must affirm the Commissioner's decision so long as it is supported by substantial evidence, even if the court may have decided the case differently. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389–90 (6th Cir. 1999).

**IV. ANALYSIS**

On appeal, Claimant argues that the ALJ erroneously found that she does not have an impairment that is "severe" within the meaning of the pertinent regulations. [DE 12-1 at 7.] The Court will affirm the ALJ's finding that Claimant does not have a severe impairment because it was decided under the proper standards and is supported by substantial evidence.

At step two of the sequential evaluation process, a claimant must show that she had limitations that were severe enough to prevent her from engaging in substantial gainful activity and which persisted or were expected to persist for twelve or more continuous months. 20 C.F.R. § 404.1509; *Barnhart v. Walton*, 533 U.S. 212, 218-19 (2002). A medically-determinable impairment is severe if it "significantly limits an individual's ability to perform basic work activities." 20 C.F.R. § 416.921(a). An impairment is not severe if it has "no more than minimal effect on the ability to do basic work activities." SSR 96–3p, 1996 WL 37481, at *1. The "mere existence" of medically-determinable impairments does not establish that a claimant was "significantly limited from performing basic work activities for a continuous period of time." *Despins v. Comm'r of Soc. Sec.*, 257 F. App'x 923, 930 (6th Cir. 2007). In addition, to be found severe, an impairment must last for twelve continuous months. 20 C.F.R. §§ 416.905(a), 416.909; *Murphy v. Sec'y of Health & Human Servs.*, 80 F.2d 182, 185 (6th Cir. 1986); *Duff v. Colvin*, 2013 WL 1707878, at *3 (E.D. Ky.

4

Apr. 19, 2013) ("[A]n impairment is not severe if it does not meet the durational requirement.").

In this case, the ALJ found that Claimant has the following medically-determinable impairments: "a history of chronic, multi-sourced pain and headaches secondary to polycystic renal failure and hypertension, depression and anxiety." [DE 175.] However, the ALJ also found that Claimant "does not have an impairment or combination of impairments that significantly limits her ability to perform basic work activities." [DE 176.] Therefore, the ALJ concluded that Claimant's impairments were not severe, which ultimately led to a finding that Claimant was not disabled. [DE 180.]

Substantial evidence supports the ALJ's finding that none of Claimant's impairments significantly limits her ability to perform basic work activities. Therefore, the Court will uphold the ALJ's determination that Claimant does not have a severe impairment or combination of impairments. First, it must be noted that many of the medical records that Claimant cites in her Motion for Summary Judgment post-date the ALJ's March 6, 2014, decision. *See* [DE 12-1 at 3-4; 8-9.] For instance, Claimant cites a report from the Harlan ARH, an x-ray, and an EKG, all dated October 9, 2014. [DE 12-1 at 3.] Claimant also cites a hospitalization on September 5, 2014, and an additional report dated May 19, 2014. [DE 12-1 at 3; 8-9.] Because these records were not submitted to the ALJ, they cannot be considered on review. *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001) ("[T]his court has repeatedly held that evidence submitted to the Appeals Council after the ALJ's decision cannot be considered part of the record for purposes of substantial evidence review.").

Regarding Claimant's physical impairments, the ALJ concluded that the available evidence did not support the presence of any significant functional limitation in work activities. [TR 176.] Specifically, the ALJ found that Claimant's "sparse medical history

5

indicates conservative management of her physical ailments, entailing medication and outpatient monitoring as needed." [TR 177.] The ALJ considered Dr. Xiaoqin Wang's consultative examination report, including his opinion that Claimant was able to sit, stand, walk, and handle objects "as needed." [TR 176; 405.] Dr. Wang repeatedly urged claimant to visit the emergency room for her headaches, but Claimant stated that she would be "fine" after resting. [TR 176-77; 405.] Claimant did visit the ER the same day as Dr. Wang's evaluation, but appeared "stable" at discharge and exhibited normal neurological signs and a full range of motion in all extremities. [TR 177; 379-82.] In examining Claimant's medical history, the ALJ reasonably found that "the evidence generally reflects that the claimant's physical ailments as medically resolved or controlled." [TR 177.]

Furthermore, there is no evidence in the Record that a licensed physician ever diagnosed Claimant with fibromyalgia or restless leg syndrome. Sarah McQueen, a physician's assistant, diagnosed claimant with these ailments. [TR 553.] Only an acceptable medical source, such as a licensed physician or psychologist, can establish that a claimant has a medically-determinable impairment. 20 C.F.R. § 416.913(a). Under that section, a physician's assistant cannot be an acceptable medical source. Therefore, Ms. McQueen's diagnosis is insufficient to establish that Claimant had either condition for purposes of a disability finding. Thus, the ALJ reasonably found that Claimant's medical history does not establish that she has any physical impairment causing significant functional limitation in work activities.

The ALJ also properly assessed Claimant's mental impairments. The ALJ followed the mandated procedure for evaluating mental impairments by considering the four broad functional areas known as the "paragraph B" criteria. [TR 177.] The ALJ found that Plaintiff had only mild limitations in the first three functional areas: activities of daily

6

living, social functioning, and maintaining concentration, persistence, and pace. [TR 177.] In so finding, the ALJ cited Dr. Baggs' independent evaluation and Claimant's own admissions about her mental state and ability to care for herself. [TR 177-78.] As the ALJ observed, Dr. Baggs noted that Claimant exhibited "rational," "coherent" thought without disorientation, "intact" memory, and "adequate" judgment or insight. [TR 178.] Dr. Baggs assigned only a "mild" reduction in Claimant's concentration, persistence, and pace or in her ability to handle pressure or stress. [TR 178.] Dr. Baggs' examination supports the ALJ's finding as to the first three functional areas. As to the fourth functional area, the ALJ found that Claimant has experienced no episodes of decompensation of extended duration. [TR 178.] Claimant has cited nothing that contradicts the ALJ's finding on the fourth functional area.

The ALJ also considered factors tending to undermine the veracity of Claimant's assertions regarding the severity of her mental impairments. First, the ALJ noted Claimant's minimal mental health treatment prior to her application, stating that Claimant "presented no record of previous or ongoing mental health treatment . . . before voluntarily seeking emergency room care . . . more than a year after the application." [TR 178.] Moreover, when seeking treatment for mental health issues, the Claimant displayed several suspicious behaviors that suggested deliberately poor performance. Claimant's scores on two tests intended to measure malingering both indicated probable malingering. [TR 451.] This evidence supports the ALJ's decision to discount the credibility of Claimant's presentation of her mental health condition.

Finally, the ALJ also observed that Claimant recovered rapidly each time she was hospitalized for mental health issues. Specifically, the ALJ cited notes from Dr. Raza and Dr. Oloworaran that indicated stabilization with brief, conservative care. [TR 178-79.] The

7

ALJ ultimately agreed with Dr. Bauer and Dr. Perritt, state agency examiners who found that Claimant did not have any severe mental impairment. [TR 179-80.] The Claimant's medical history and the findings of the various doctors cited above constitutes substantial evidence in support of the ALJ's finding that Claimant's mental health impairments were not severe.

Claimant also contends that it was, as a general matter, improper for the ALJ to consider credibility whatsoever at step two of the sequential evaluation process. [DE 12-1 at 11.] Claimant asserts that credibility is not relevant to determining whether an impairment or combination of impairments is severe, but should rather be considered only later in the evaluation process. [DE 12-1 at 11.] However, contrary to Claimant's assertions, Social Security Ruling 96-7p makes clear that a finding as to the credibility of a claimant's statements is relevant at step two of the sequential evaluation process. The relevant portion of the Ruling states as follows:

> Once the adjudicator has determined the extent to which the individual's symptoms limit the individual's ability to do basic work activities by making a finding on the credibility of the individual's statements, the impact of the symptoms on the individual's ability to function must be considered along with the objective medical and other evidence, *first in determining whether the individual's impairment or combination of impairments is "severe" at step 2 of the sequential evaluation process* for determining disability and, as necessary, at each subsequent step of the process

SSR 96-7p, 1996 WL 374186, at *3 (SSA July 2, 1996) (emphasis added). Thus, it was proper for the ALJ to consider credibility at step two of the analysis.

Lastly, the Court notes that Claimant provides a detailed overview of her medical conditions and treatment history, and asserts that it is clear that she is unemployable due to her conditions. *See* [DE 12-1 at 2-9.] ("These conditions . . . all contribute to rendering her

unable to maintain employment and they are all clearly established in the record when read in its entirety."). However, where the Commissioner's decision is supported by substantial evidence, the Court must affirm that decision even if there is substantial evidence in the record that would have supported an opposite conclusion. *Longworth v. Comm'r Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005). Indeed, even if the Court would have decided the matter differently than the ALJ, the ALJ's decision must be affirmed if it is supported by substantial evidence. *Smith v. Chater*, 99 F.3d 780, 781-82 (6th Cir. 1996). Here, as explained above, substantial evidence supported the ALJ's determination that Claimant does not have a severe impairment or combination of impairments, so that finding must be affirmed.

## V. CONCLUSION

For the reasons set forth above, the Court hereby **ORDERS** as follows:

1. Plaintiff's motion for summary judgment [DE 12] is **DENIED**;

2. The Commissioner's motion for summary judgment [DE 13] is **GRANTED**;

3. The decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g) as it was supported by substantial evidence and was decided by proper legal standards; and

4. A judgment consistent with this Opinion & Order will be entered contemporaneously.

Dated September 9, 2016.



KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY